Ex Parte C. R. Harris.

No. 8136.   Decided May 7, 1924.

**City Charter and Ordinance—Nuisance—Occupation.**

Where the City of Austin relied upon no specific statutory authority but depended upon the general authority embraced in the City Charter to abate nuisances, held that the City had no power to prohibit by criminal ordinance an occupation which is not a nuisance in fact, and to cure green hides or to poison dry hides would not under all circumstances, be a nuisance in fact, and the ordinance not being regulatory but prohibitory the same cannot be upheld, and relator is discharged .

From Travis County.

Original habeas corpus proceedings asking release from a commitment issued by the County Court of Travis County, Texas, to enforce a judgment against the defendant for violating a city ordinance, upon an agreed statement of facts.

*Brooks, Hart & Woodward,* for relator.—On question of invalidity of ordinance: H. & T. C. Ry. Co. v. Dallas, 98 Texas, 396; Mills v. Ry. Co. 92 Texas, 202; City of Austin v. Cemetery Assn., 87 id., 330; Millikan.v. City Council; 54 id., 388; Dibbrell v. Coleman, 172 S. W. Rep., 550; San Antonio v. Salvation Army, 127 id., 860; Wichita Electric Co., v. Hinckley, 131 id., 1192, and cases cited in opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—In an ordinance of the City of Austin, it is declared that "it shall be unlawful for any person to cure green hides or poison dry hides within the limits of the City of Austin." Held under a commitment issued upon the conviction for the violation of this ordinance, the relator seeks his release by way of habeas corpus, charging that the ordinance is unreasonable and oppressive in that it absolutely prohibits the conduct of a lawful business within the limits of the City of Austin, without reference to the manner or the particular locality in which the business is conducted.

So far as we are aware, the city relies upon no specific statutory authority but depends upon the general authority embraced in the city charter to abate nuisances. Under such conditions, it seems to be the rule that a city has no power to prohibit by criminal ordinance an occupation which is not a nuisance in fact. Ruling Case Law, Vol. 20, p. 389, sec. 12; Wood on Nuisances, Vol. 2, p. 977; Joyce on Nuisances, sec. 332; Yates v. Milwaukee, 10 Wallace, 498. This principle has been reasserted and applied in many cases which will be found collated in Rose's Notes on U. S. Rep., Rev., Ed., Vol. 7, pp. 139 and 140; Ex parte Lacey, 38 L. R. A., 640.

It is believed that to "cure green hides or to poison dry hides" would not, under all circumstances, be a nuisance in fact. The precedents, so far as we are aware, are to the contrary. The vocation of curing or tanning hides is a lawful one when conducted in a lawful manner, and in the eyes of the court is not a nuisance per se, but is of such a nature that it may become a nuisance according to the manner or place of its pursuit. Wood on Nuisances, Vol. 2, sec. 588; State v. Street Commissioners of Trenton, 36 N. J. Rep., 283. Inasmuch as it is an occupation which might become offensive owing to its location or the manner in which it is conducted, it is doubtless an appropriate subject for reasonable regulation. This, however, the ordinance under consideration does not attempt. It inhibits the curing of any green or the poisoning of any dry hide within the city limits. The evidence adduced upon the present trial was to the effect that the manner in which the business was conducted was not the subject of complaint; that disinfectants were freely used and reasonable effort towards cleanliness made; that a great number of hides had been received and shipped by the relator.

The ordinance is not regulatory but prohibitory, and cannot, in the judgment of this court, be upheld.

The relator is ordered discharged.

*Relator discharged.*